MARY SMITH, RESPONDENT, *v.* ELIAS REYNOLDS AND
OTHERS, APPELLANTS.

*Intoxicating liquors — furnished by bartender without knowledge of, and against orders of employers — Liability of employers — chapter* 646, *Laws of* 1873.

The supplying of liquor to a party who is injured afterwards, by reason thereof, although done by the bartender without the knowledge or authority of his employers, and against their instructions, makes the employers liable, under chapter 646 of the Laws of 1873, for the injuries sustained.[*]

APPEAL from a judgment in favor of the plaintiffs, entered on the verdict of a jury.

The defendants were the landlords and proprietors of a hotel at Hinsdale, in the county of Cattaraugus, known as the Glade House. Henry Smith, the plaintiff's husband, who had for several years been in the habit of frequent intoxication, drank at the defendants' bar several times on the evening of July 8, 1874, and left the hotel at a late hour that evening in an intoxicated state,

[*] See *post,* p. 148, and *ante,* p. 112.

and started toward home. His house was at some distance from the hotel and the village, and between the house and the hotel ran the track of the Buffalo, New York and Philadelphia railroad. The next that was seen of him he was lying on the track, about six o'clock the next morning, in a condition of stupefaction, caused by such intoxication, and was there struck by a passing train and received injuries from which he died. Although his habits were bad, he provided for his family, consisting of his wife and two children. The defendants raised, among others, the objection that the action under the act chapter 646, Laws of 1873, could not be maintained by the widow.

*Cary & Jewell*, for the appellants.

*D. H. Bolles*, for the respondent.

MULLIN, P. J. :

The defendants kept a tavern at Hinsdale in the county of Cattaraugus.

They had a license from the proper authorities to sell liquor to be drank on their premises. Their bartender sold liquor to the plaintiff's husband, an intemperate man, in July, 1874, by means of which, in whole or in part, he became intoxicated and lay down or fell down on the track of the Buffalo, New York and Philadelphia Railroad along which he passed on going from the tavern to his house. He was struck by the cars and was injured, and in consequence of the injuries there and then received he died, whereby, it is claimed, the plaintiff was deprived of support and is, for that reason, entitled to maintain an action against the defendants for the damages sustained by her, under section 1 of chapter 646 of the Laws of 1873.

In *Jackson* v. *Brookins* (5 Hun, 530), it was held, that a wife could maintain an action for loss of support resulting from the death of her husband, against the person who sold him liquor, in consequence of drinking which, he became intoxicated, and was killed.

No sufficient reason is suggested why we should abandon the doctrine of that case ; on the contrary, we are satisfied that the construction we have given to the statute is the only one that can give

full effect to the intentions of the legislature, and protect the community against the wrongs done by dealers in intoxicating liquors in selling them to persons known to be intoxicated, or in quantities that they must know will produce drunkenness with its train of evils, not only to the one who drinks it but all connected with him, as well as to the community in which he lives.

The only question I propose to consider is the refusal of the judge at the Circuit, to charge the jury that if they found from the evidence that the liquor alleged to have been delivered to deceased was delivered by defendants' bartender without the knowledge of the defendants, and after defendants had directed him not to sell or give away any liquor to the deceased, then the plaintiff cannot recover, as requested by the defendants' counsel.

No principle is better settled in the law relating to the rights and liabilities of principal and agent, than that the principal is liable to third persons for the misfeasance, negligence and omissions of the agent in the business of his agency. (Story on Agency, § 308 ; Paley's Agency, 294.) In the note at the foot of the page cited, it is said : " The general rule is that the principal is responsible, civilly, for the acts of his agent, but not criminally, unless done under his express authority."

In note 1, at the foot of page 295, it is said, that " the rule that the master is liable for the wrongful acts of his servants, is not confined to domestic servants, but has a more extended operation. All such as act for, do the work of, serve another, are, in contemplation of law, his servants and fall under the rule.  *  *  *

"It makes no difference whether those servants are paid by the job or by the year or by the day; a third person has no concern with the terms of their private agreements. The loss to him is the same, let the agreements be either way ; nor does it make any difference whether the person for whom the work is done be present or absent. If he expects to be absent, more care should be used in making the selection. Nor is any distinction taken when the work is of such a nature that the owner cannot be expected to do it himself and must necessarily employ others to do it. In all these cases the person for whom the work is done is liable, if a third person is injured."

In note 1, to page 302 of the work, it is said : " As a general

rule, a master is liable to answer in a civil suit for the tortious or wrongful acts of his servant, if those acts are done in the course of his employment in the master's service    *    *    *    and it makes no difference that the master did not authorize or even know of the servant's act or neglect, for even if he disapproved of or forbade it, he is equally liable if the act be done in the course of the servant's employment."

In view of these authorities, and others which might be cited, the request to charge was properly refused.

The judgment must be affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment affirmed.